IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

SANDRA L. JACKSON,

        Plaintiff,

v.                                             No. CIV 98-1563 BB/JHG

7-ELEVEN SOUTHWEST
CONVENIENCE STORES, INC.,
d/b/a 7-Eleven Convenience Store,
and PAUL TUCKER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion to Dismiss Defendant Paul Tucker on the basis of Plaintiff's failure to effectuate proper service pursuant to Federal Rule of Civil Procedure 4, and the Court having entertained both written briefs and oral arguments on July 12, 1999, and being duly apprised, FINDS the motion is well taken and it will be GRANTED.

## Discussion

Plaintiff filed her complaint against 7-Eleven and her former supervisor, Paul Tucker, on December 22, 1998. On April 16, 1999, Plaintiff served a

summons and complaint upon Robert J. Werner, a New Mexico attorney. The summons was directed to Paul Tucker. Defendant Tucker was never served.

In response to Defendant Tucker's motion to dismiss, Plaintiff argues that Mr. Werner is the authorized agent to receive service of process for Defendant Southwest Convenience Stores, Inc., LLC., d/b/a 7-Eleven, and that Defendant Tucker was employed by Southwest Convenience Stores at the time of the events in question. Plaintiff argues that as a supervisor, Defendant Tucker was acting as an employer in relation to Plaintiff's claims, and therefore Mr. Werner was the proper person for service.

Serving an employee by service on a representative of the corporation or another co-employee does not comply with the requirements of Rule 4. *West v. Paige*, 835 F. Supp. 20 (D. Me. 1993); *Lavender-Cabellero v. Department of Consumer Affairs*, 458 F. Supp. 213 (S.D.N.Y. 1978). In order for service on an attorney to constitute proper service, the attorney must be authorized to accept service. *Guess? Inc. v. Chang*, 912 F. Supp. 372 (N.D. Ill. 1995); *Michelson v. Merrill Lynch*, 619 F. Supp. 727 (S.D.N.Y. 1985). Plaintiff has presented no evidence the individual Defendant appointed Mr. Werner or anyone else to accept service for him, and Defendant Tucker expressly denies any such appointment.

# O R D E R

For the above stated reasons, the service attempted on Defendant Tucker was improper and since the time for service under Rule 4 now has run, the action against Defendant Tucker is DISMISSED.

Dated at Albuquerque this 27th day of July, 1999.

BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff:

Donald R. Sears, Jr., Albuquerque, NM

Counsel for Defendants:

Mark D. Dore, Mounce Green Myers Safi & Galatzan, El Paso, TX